In the Matter of T. JOHN McKEE, an Attorney.

Second Department, June 10, 1921.

**Attorney and client — attorney suspended from practice for using funds of client, an administrator, in his personal business — consent of father of decedent and acquiescence of administrator no excuse.**

An attorney at law was properly suspended from practice for a period of two years, where it appeared that he used the proceeds received on behalf of his client, an administrator under limited letters, for his own personal business.

The fact that the father of the decedent, who had no interest in the fund, consented to the use of the money and that the administrator also acquiesced, is no excuse for nor palliation of the attorney's misconduct.

DISCIPLINARY proceedings instituted by the Brooklyn Bar Association.

*Mortimer W. Byers,* for the motion.

*Edward Ward McMahon,* opposed.

BLACKMAR, P. J.:

The report of the official referee should be confirmed. The respondent, a member of the bar, had received a thorough education at college and in law school and was presumably acquainted with the proper ethical standards of the profession. His client, the administrator under limited letters; the widow, who was entitled to the avails of the action; and her relatives and advisers were persons of no education and some of them illiterate. For these reasons the duty of the respondent to safeguard their interests was the more imperative. He took from the administrator a retainer of thirty-five per cent of the amount recovered or realized upon settlement. For this he cannot be criticized although he well knew that the amount was subject to the approval of the surrogate on the settlement of the administrator's account. The case was settled, and the avails, amounting to $3,250, came into the respondent's possession. He deposited the money in his own private bank account, and subsequently drew it out and used it in the prosecution of a business which he was carrying on in addition to the practice of the law. This was a gross violation of the duty that he owed to his client. At the time he used the money he had no expectation of repaying it except through the uncertainty of an award for park purposes in Philadelphia and an undivided interest in real property in Philadelphia and in Washington, and the prospects of a business in which at that time, according to his own testimony, the liabilities equalled the assets. The fact that the father of the decedent acquiesced in respondent's using the money is no excuse for nor palliation of his misconduct. It was the duty of the attorney to see that the fund was properly safeguarded, and he cannot

shield himself behind the consent of the father of the decedent, who had no interest in the fund, or the acquiescence of the administrator, who had no right to consent to its diversion and who appears to have been ignorant of his own duties and of the rights of his daughter, the beneficiary. Fortunately the respondent, after a long delay, and after his client was compelled to retain and pay a lawyer, was able to make restitution, although this appears to have been done without the approval of the surrogate of the expenses that had been incurred by the administrator, or of the amount of his own fee.

The report of the official referee should be confirmed, his recommendation adopted, and the respondent suspended from the practice of his profession for a period of two years from the date of entry of this order.

MILLS, RICH, PUTNAM and JAYCOX, JJ., concur.

Report of official referee confirmed, his recommendation adopted, and respondent suspended from the practice of his profession for a period of two years from the date of entry of the order herein.